IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY CARL SCOTT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0652-K |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jerry Carl Scott, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1992, petitioner was released to mandatory supervision after serving part of a 20-year sentence for delivery of a controlled substance. While on release, petitioner was charged with another drug offense. In June 2004, petitioner pled guilty to possession of a controlled substance and was sentenced to 180 days in jail. The parole board also revoked his mandatory supervised release. On August 10, 2004, after petitioner completed his jail sentence in the second drug case, he was returned to TDCJ-ID custody to serve the remainder of his sentence in the first drug case. Apparently, petitioner did not receive credit on his sentence for time served in jail on the second drug charge. Petitioner challenged this action in an application for state post-conviction relief filed on July 28, 2006. The application was dismissed on March 14, 2007 for failure to exhaust

administrative remedies. *Ex parte Scott*, 19,820-08 (Tex. Crim. App. Mar. 14, 2007). Petitioner then filed this action in federal district court.

II.

Although the precise nature of his claim is difficult to decipher, petitioner appears to argue that he has been denied credit on his sentence in the first drug case for time spent in custody on the second drug case.

By order dated April 20, 2007, the court *sua sponte* questioned whether this case was timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and asked petitioner to explain why this case is not barred by limitations. Petitioner filed a reply on May 14, 2007. The court now determines that this action should be dismissed on limitations grounds.[1]

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Moore v. Dretke*, No. 3-03-CV-2121-R, 2003 WL 22964139 at *1 (N.D. Tex. Dec. 2, 2003), *rec. adopted*, 2003 WL 23096505 (N.D. Tex. Dec. 22, 2003). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The

---

[1] It is apparent from the pleadings that petitioner has not presented his sentence credit claim to state administrative authorities as required by Tex. Gov't Code Ann. § 501.0081. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This statute also authorizes the dismissal of a federal habeas petition on limitations grounds. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001); *Crane v. Cockrell*, No. 3-01-2165-D, 2002 WL 31780861 at *2 (N.D. Tex. Dec. 5, 2002).

one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

The AEDPA statute of limitations on petitioner's sentence credit claim started to run on August 10, 2004, the date he was returned to TDCJ-ID custody to serve the remainder of his sentence in the first drug case. *See Moore*, 2003 WL 22964139 at *1. Yet petitioner waited more than one year before seeking post-conviction relief in state or federal court. No explanation has been offered to excuse this delay. Instead, petitioner reurges his entitlement to credit on his sentence for time served in jail on the second drug charge. Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). The court therefore determines that this case should be dismissed on limitations grounds.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 16, 2007.

                                                  _/s/ Jeff Kaplan_
                                                  JEFF KAPLAN
                                                  UNITED STATES MAGISTRATE JUDGE